IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JUSTIN ISREAL ESCOBAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 5:23-CV-125-H-BQ |
| | § | |
| ALLIANCE CREDIT UNION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE[1]**

Pro se Plaintiff Justin Isreal Escobar filed a Complaint on June 13, 2023, alleging violations of the Federal Reserve Act and breach of contract and fiduciary duties against Defendant Alliance Credit Union (Alliance). *See* ECF No. 1. On the same day, Escobar paid the filing fee in this action. *Id.*

As of the date of these findings, conclusions, and recommendation, Escobar has not only failed to file proof of service on Alliance, but he also has not demonstrated good cause for his delay in doing so. Moreover, Escobar's allegations fail to establish this Court's subject matter jurisdiction over his claims. Thus, in accordance with Rules 12(h)(3), 4(m), and 41(b), and for the reasons explained more fully herein, the undersigned recommends that the United States District Judge **DISMISS without prejudice** Escobar's Complaint for lack of subject matter jurisdiction, failure to effect service, and under Rule 41(b) for failure to comply with Court orders.

---

[1] In accordance with Special Order 3-251, this case was automatically referred to the undersigned for pretrial management. ECF No. 2.

## I. Background

On June 13, 2023, Escobar filed a Complaint alleging that on February 16, 2022, he entered a loan agreement with Alliance. Compl. 3, ECF No. 1.[2] He asserts that on May 5, 2023, he sent notice of "Claim of Credits" to Alliance, "to accept all titles, rights, interests, and equity owed to [his] principal" on his security deposit for that loan. *Id.* Alliance "issued [him] negotiable instruments to which [he] accepted and endorsed." *Id.* Escobar contends that he "intended to transfer the interest back to the principals' [sic] account for set-off" and "gave a precise letter of instructions" to the person holding his security deposit, "demanding payment to be applied and a written response once fiduciary duties were complete." *Id.* Escobar asserts that these payments were ignored, constituting a breach of fiduciary duty and contract, and now, Alliance is "demanding payment and threatening to repossess [his] vehicle." *Id.* at 4.

On June 14, 2023, the Court entered an order concluding "that the existence of federal jurisdiction is not clear" and requiring Escobar to supplement his Complaint, "alleging with specificity the facts necessary to establish the Court's subject matter jurisdiction." ECF No. 5. On June 28, 2023, Escobar filed a Supplemental Complaint, alleging this Court's subject matter jurisdiction is established because Alliance violated sections of the Federal Reserve Act, a federal law. Suppl. Compl. 1–2, ECF No. 6 (alleging that "as a member bank subject to the Federal Reserve Act, [Alliance] violated the fiduciary duty owed to its shareholders, including [Escobar], by engaging in self-dealing and fraudulent conduct that directly contravenes the restrictions . . . in Section 29").

On July 10, 2023, the Court entered an order notifying Escobar that because he paid the filing fee, he is responsible for serving Alliance with a summons and copy of the Complaint as

---

[2] Page citations to Escobar's pleadings refer to the page numbers assigned by the Court's electronic filing system.

2

provided under Rule 4 of the Federal Rules of Civil Procedure. ECF No. 7. Further, the Court admonished Escobar that if proper service was not made, this action could be dismissed. *Id.* Escobar did not respond or file proof of service for Alliance. On October 3, 2023, the Court entered an order requiring Escobar, no later than October 20, 2023, to (1) effect proper service on Alliance, (2) provide proof of such service as provided in Rule 4(l), *and* (3) show good cause for the failure to timely serve. ECF No. 8. Escobar was further "advised that should he fail to effect and prove proper service as well as provide sufficient explanation for his delay in effecting service, the Court w[ould] recommend dismissal of his Complaint and all claims therein in accordance with Rule 4(m)." *Id.* at 2 (emphasis omitted).

Liberally construing Escobar's allegations, it appears that he asserts breach of contract and breach of fiduciary duty claims under the Federal Reserve Act, over which the Court does not have jurisdiction because the Federal Reserve Act does not create a private cause of action. To the extent Escobar attempts to assert such claims independent of the Federal Reserve Act, i.e., other federal law or as state law claims under diversity jurisdiction, the undersigned finds that Court similarly lacks jurisdiction. Moreover, the Court finds that Escobar has failed to timely serve Alliance and comply with its order to establish good cause for such failure. Because of these deficiencies, the undersigned recommends Escobar's claims be dismissed.

## II. Legal Standard

### A. Failure to Serve

Rule 4(m) of the Federal Rules of Civil Procedure provides that "the court—on motion or on its own after notice to the plaintiff—*must* dismiss" without prejudice claims against any defendant who is not served within 90 days after a complaint is filed. FED. R. CIV. P. 4(m) (emphasis added). Upon a finding of good cause, however, "the court must extend the time for service for an appropriate period." *Id.*

3

### B. Failure to Prosecute

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (per curiam). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

Courts may dismiss a case under 41(b) with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996). Where the court dismisses a case without prejudice, "but the applicable statute of limitations probably bars future litigation," the dismissal is effectively with prejudice. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (citation omitted). Courts must apply a more stringent standard for dismissals that are effectively with prejudice due to the statute of limitations. *See id.* Dismissals with prejudice for failure to prosecute are appropriate only "where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice." *Id.* (internal quotation marks and citation omitted).

### C. Subject Matter Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see Kokkonen*, 511 U.S. at 377 (explaining that federal courts must presume "that a cause lies outside this limited jurisdiction"). As such, federal courts have a duty to examine their own subject matter jurisdiction, and may do so *sua sponte*. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999); Fed. R. Civ. P. 12(h)(3). The party invoking the court's

4

jurisdiction bears the burden of establishing it exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Where "the record does not contain sufficient evidence to show that subject matter jurisdiction exists, 'a federal court does not have jurisdiction over the case'" (*Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (citation omitted)) and may properly dismiss it. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).

### III. Discussion

#### A. Failure to Serve

The Court originally advised Escobar on July 10, 2023, that he is responsible for perfecting service on Alliance. ECF No. 7. On October 3, 2023, the Court cautioned Escobar that the record did not reflect Alliance had been properly served and provided Escobar another two-and-a-half weeks to cure the defect. ECF No. 8. That order also required Escobar to show cause and explain the reason for the apparent delay in service. *Id.* Escobar has not requested summons or responded to either of the Court's orders. Because Escobar has not timely served Alliance, the undersigned finds dismissal is appropriate under Rule 4(m). *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (affirming district court's dismissal of plaintiff's case under Rule 4(m) because plaintiff failed to serve defendants within the prescribed period or establish that good cause existed for such failure).

#### B. Failure to Prosecute

Based on Escobar's specific factual assertions, dismissing this case without prejudice would not operate as a dismissal with prejudice. Escobar alleges several operative dates in his Complaint, ranging from February 16, 2022, to May 30, 2023. Compl. 2–3. State law claims for breach of contract and breach of fiduciary duty (to the extent Escobar intends to raise such claims under state law) have a four-year statute of limitations. Using the oldest available date, i.e.,

February 16, 2022, dismissal without prejudice will not operate as a dismissal with prejudice.[3] *See Bell v. Phila. Int'l Recs.*, 981 F. Supp. 2d 621, 625 (S.D. Tex. 2013) ("The statute of limitations for breach of contract is four years." (citing TEX. CIV. PRAC. & REM. CODE ANN. §16.051)); *Brantley v. Dep't of Fam. & Protective Servs.*, No. SA-23-CV-00680-FB, 2023 WL 4196249, at *3 (W.D. Tex. June 27, 2023) ("[B]reach of fiduciary duty . . . is governed by a four-year statute of limitations." (citing TEX. CIV. PRAC. & REM. CODE ANN. §16.004(5))), *R. & R. adopted by* 2023 WL 4778079 (W.D. Tex. July 26, 2023). Thus, the Court need not apply the more stringent standard to determine whether dismissal is appropriate. *See Nottingham*, 837 F.3d at 441.

The Court has provided Escobar ample opportunity to comply with its orders. Escobar has had over four months to serve Alliance. ECF Nos. 1, 7, 8. In the Court's July 10 and October 3 orders, the Court admonished Escobar that this action would be dismissed if he did not serve Alliance in compliance with the orders. ECF No. 7, at 1; ECF No. 8, at 2. Moreover, Escobar has failed to respond to the October 3 order requiring him to show cause and explain his delay in serving Alliance as directed. ECF No. 8. Accordingly, the district judge should dismiss Escobar's Complaint (ECF No. 1) for failure to timely serve under Rule 4(m) and without prejudice for want of prosecution under Rule 41(b). *Castaneda v. Citimortgage, Inc. ex rel. Cenlar FSB*, No. SA-21-CA-1254-FB (HJB), 2022 WL 2762719, at *1–2 (W.D. Tex. May 4, 2022) (finding plaintiff's failure to respond to court orders, including one requiring him to show cause, "warrant[ed] dismissal without prejudice under Rule 41(b)"), *R. & R. adopted by* 2022 WL 3337810 (W.D. Tex. June 7, 2022).

---

[3] As discussed below, Escobar cannot maintain a private cause of action under the Federal Reserve Act. *See infra* Section III.C. The Court therefore does not address any potential statute of limitations period as to that claim.

### C. Lack of Subject Matter Jurisdiction

In Escobar's Complaint, he alleges that Alliance breached its contract and fiduciary duties, and cites rules that Alliance must comply with as a bank under Sections 16, 92, 342–348, 349–52, 361, and 372 of the Federal Reserve Act. Compl. 3–4. He also lists "12 U.S.C. § 1431" and includes the text of subsection (a)—"Borrowing money; issuing bonds and debentures; general powers." *Id.* at 3. In his Supplemental Complaint, Escobar attempts to clarify that he brings breach of contract and fiduciary claims against Alliance under Section 29 of the Federal Reserve Act, allowing the Court to exercise federal question jurisdiction. Compl. 3; Suppl. Compl. 1–2. Thus, the Court addresses whether a private cause of action exists under the Federal Reserve Act that would provide subject matter jurisdiction. To the extent Escobar intends to bring a separate breach of contract and/or fiduciary duty claim under other sources, the undersigned also addresses whether there is diversity or federal question jurisdiction to hear those claims.

The Court does not have jurisdiction over Escobar's claims. As stated in the Court's June 14 order, Escobar "fails to establish jurisdiction because he is not, as he has alleged, the United States Government." ECF No. 5, at 2; *see* Compl. 5 (checking box for "U.S. Government Plaintiff"). Diversity is lacking because Escobar asserts both he and Alliance are residents of Lubbock County, Texas. Compl. 2, 5. Moreover, Escobar's claims also do not establish federal question jurisdiction under 28 U.S.C. § 1331.

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (citation omitted). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam) (citation omitted). Escobar

asserts breach of contract and fiduciary duty claims against Alliance, which ordinarily arise under state law. *Butler v. Continental Airlines, Inc.*, No. 01-2194, 2001 WL 1509545, at *5 (S.D. Tex. Nov. 19, 2001) (finding that plaintiff's breach of contract and fiduciary claims did not arise under any federal law and dismissing same for lack of subject matter jurisdiction); *Ray v. El Paso Cmty. Found.*, No. EP-09-CV-00249-KC, 2009 WL 2413488, at *2 (W.D. Tex. Aug. 4, 2009) (dismissing plaintiff's breach of fiduciary claim because "state law claims alone do not confer federal jurisdiction"); *Grogan v. La Marque ISD*, No. G-12-284, 2013 WL 788451, at *1 (S.D. Tex. Feb. 28, 2013) (adopting magistrate's judge's recommendation to dismiss plaintiff's breach of contract claim for lack of subject matter jurisdiction). Thus, to the extent Escobar intends to bring stand-alone breach of contract and fiduciary duty claims, the Court lacks jurisdiction to hear those claims because they do not confer federal question jurisdiction and, as previously noted, Escobar has failed to establish complete diversity.

In addition, the sections of the Federal Reserve Act Escobar cites, while federal law, do not create a private right of action and thus supply no source for this Court's jurisdiction. "When a private citizen relies on a federal statute as a basis for federal question jurisdiction, that statute must provide a private cause of action, or else a federal court will not have subject matter jurisdiction to hear the dispute." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 954 (N.D. Tex. 2013) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 817 (1986)). Courts have held that several sections of the Federal Reserve Act, including Sections 16 and 29, do not create private rights of action. *See White v. Lake Union Ga Partners LLC*, Nos. 1:23-cv-02852-VMC, 1:23-cv-02960-VMC, 1:23-cv-02961-VMC, 1:23-cv-02962-VMC, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) ("Section 29 of the Federal Reserve Act does not provide [plaintiff] with a cause of action."); *Murphy v. Cap. One*, No. 4:23-CV-1120 HEA, 2023 WL 5929340, at *3 (E.D. Mo. Sept. 12, 2023) (dismissing plaintiff's case for lack of subject matter jurisdictions because

plaintiff only alleged that his bank violated Section 16 of the Federal Reserve Act, subjecting them to penalties under Section 29, which is carried out by federal officials, not private individuals); *Greathouse v. Hayes*, No. 1:23-cv-960, 2023 WL 6882227, at *2 (W.D. Mich. Sept. 15, 2023) (collecting cases discussing individuals' inability to sue under Section 29), *R. & R. adopted by* 2023 WL 6880195 (W.D. Mich. Oct. 18, 2023). In sum, the Federal Reserve Act does not confer on private citizens the right to sue for violations, and Escobar has not identified any other federal statute upon which his claims are based.

Because the Federal Reserve Act provisions cited by Escobar do not create a private right of action, and because Escobar has established no diversity jurisdiction for his state law breach of contract and fiduciary claims, this Court is without subject matter jurisdiction over Escobar's suit. Accordingly, the undersigned recommends this action be dismissed without prejudice.

## III. Recommendation

Escobar has not timely served Alliance, complied with Court orders, and has not pleaded sufficient facts to invoke this Court's subject matter jurisdiction. The undersigned therefore recommends that the United States District Judge dismiss Escobar's Complaint without prejudice for lack of subject matter jurisdiction, want of prosecution, and failure to effect service in accordance with FED. R. CIV. P. 12(h)(3), 41(b), and 4(m).

## IV. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and

Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: November 30, 2023.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE